ZL Elmhurst, LLC v Sunshine Elmhurst Real Estate (2022 NY Slip Op 01761)





ZL Elmhurst, LLC v Sunshine Elmhurst Real Estate


2022 NY Slip Op 01761


Decided on March 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2022

Before: Webber, J.P., Moulton, Kennedy, Mendez, Pitt, JJ. 


Index No. 650163/21 Appeal No. 15511-15511A Case No. 2021-02702, 2021-04017 

[*1]ZL Elmhurst, LLC, Plaintiff-Respondent-Appellant,
v
Sunshine Elmhurst Real Estate, Defendant-Appellant-Respondent.


Meister Seelig & Fein LLP, New York (Howard S. Koh of counsel), for appellant-respondent.
Ganfer Shore Leeds & Zauderer LLP, New York (Steven J. Shore of counsel), for respondent-appellant.



Judgment, Supreme Court, New York County (Arthur F. Engoron, J.), entered October 12, 2021, bringing up for review an order, same court and Justice, entered July 12, 2021, which granted plaintiff's motion for summary judgment on its first cause of action for a declaratory judgment and denied defendant's cross motion for summary judgment dismissing that cause of action, and adjudging that the parties' agreement is terminated and that plaintiff is entitled to recover the principal sum of $2,238,279.75, unanimously modified, on the law, to provide that plaintiff is also entitled to recover an additional $248,697.75 held in escrow plus interest from February 2, 2021 and otherwise affirmed, without costs. Appeal and cross appeal from the aforementioned order unanimously dismissed, without costs, as subsumed in the appeals from the judgment.
The terms of the parties' purchase agreement unambiguously provided that a condition precedent to closing was issuance of a rezoning of the property, defined to mean "residential with a commercial overlay," and that in the event that such rezoning was not issued in a specified time, plaintiff was entitled to terminate the agreement and be refunded the down payment (see Skanska USA Bldg. Inc. v Atlantic Yards B2 Owner, LLC, 31 NY3d 1002, 1006 [2018]; W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]). Accordingly, plaintiff was entitled to summary judgment declaring that the contract was terminated.
The judgment is modified to include the final down payment which plaintiff made under protest and placed in escrow, which the parties do not dispute is due to plaintiff in the event the contract is terminated. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 15, 2022